UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04CV11450 RGS

|  |  |
|---|---|
| CRYSTAL MOTOR EXPRESS, INC.., Plaintiff | ) ) ) ) |
| v. | ) ) |
| TOWN OF LYNNFIELD, Defendant | ) ) ) ) |

**DEFENDANT, TOWN OF LYNNFIELD'S,
ANSWER AND JURY DEMAND**

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Section I of the Complaint, entitled "Summary of Complaint and Relief Sought," is introductory in nature and does not require a specific response from the Defendant.  To the extent a response is deemed necessary, the Defendant hereby denies the allegations set forth therein.

**II.    Parties, Jurisdiction and Venue**

1.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore calls upon Plaintiff to prove same.

2.    The Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3.    The Defendant does not respond to the allegations in paragraph 3 of the Complaint because such allegations contain conclusions of law not requiring a responsive pleading.  To the

extent a response is deemed necessary, the Defendant denies the allegation in paragraph 3 of the Complaint.

    4.    The Defendant does not respond to the allegations set forth in paragraph 4 of the Complaint because such allegations contain conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the Defendant denies the allegation in paragraph 4 of the Complaint.

    5.    The Defendant admits the allegations set forth in paragraph 5 of the Complaint.

## III.    **Background Facts**

    6.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore calls upon Plaintiff to prove same.

    7.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore calls upon Plaintiff to prove same.

    8.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore calls upon Plaintiff to prove same.

    9.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore calls upon Plaintiff to prove same.

    10.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore calls upon

Plaintiff to prove same.

       11.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 11 of the Complaint, and therefore calls upon Plaintiff to prove same.

       12.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore calls upon Plaintiff to prove same.

       13.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 13 of the Complaint, and therefore calls upon Plaintiff to prove same.

       14.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore calls upon Plaintiff to prove same.

       15.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 15 of the Complaint, and therefore calls upon Plaintiff to prove same.

       16.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore calls upon Plaintiff to prove same.

       17.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore calls upon Plaintiff to prove same.

18.     The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore calls upon Plaintiff to prove same.

19.     The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore calls upon Plaintiff to prove same.

20.     The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore calls upon Plaintiff to prove same.

21.     The Defendant admits the allegations set forth in the first sentence of paragraph 21 of the Complaint to the extent it alleges terms of the Zoning Bylaws in existence in November 1998. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations of the said paragraph, and therefore calls upon Plaintiff to prove same.

22.     The Defendant admits that an entity purportedly related to Crystal applied for a special permit to use certain real property within the Defendant (the "Site") as a trucking terminal, and that the said applicant made certain representations concerning its proposed use of the Site. The Defendant denies each and every other allegation in paragraph 22 of the Complaint.

23.     The Defendant admits the allegations set forth in the first sentence of paragraph 23. The Defendant denies the allegations set forth in the second sentence of the said paragraph.

24.     The Defendant does not respond to the allegations set forth in paragraph 24 of the Complaint because such allegations purport to recite the content of documents, which documents speak for themselves. To the extent a response is deemed necessary, the Defendant admits the

-4-

allegations in paragraph 24 of the Complaint.

25.    The Defendant denies the allegations set forth in the first sentence of paragraph 25 of the Complaint.  The Defendant admits that an entity purportedly related to Crystal submitted a plan of the Site to the Planning Board pursuant to G.L. c. 41, § 81P and that the Planning Board endorsed the said plan as not requiring approval under the Subdivision Control Law.  The Defendant denies each and every other allegation in paragraph 25 of the Complaint.

26.    The Defendant does not respond to the allegations set forth in paragraph 26 of the Complaint because such allegations purport to recite the contents of documents, which documents speak for themselves.

27.    The Defendant admits the allegations set forth in paragraph 27 of the Complaint.

28.    The Defendant admits the allegations set forth in paragraph 28 except as follows:

(a)    The Defendant denies that the original notice of intent was filed on May 19, 1999 and avers that it was filed on or about May 24, 1999.

(b)    The Defendant denies that Robin and Carl LaGreca both filed the second appeal to an administrative law judge, and avers that it was pursued by Robin LaGreca alone.

(c)    The Defendant denies that an appeal of the Superseding Order of Conditions that was issued by the Department of Environmental Protection, a copy of which appears as Exhibit D to the Complaint, remains pending; the Defendant avers that the appeal was dismissed for failure of the appellant to prosecute the appeal pursuant to a final decision dated June 23, 2004.

29.    The Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30.    The Defendant does not respond to the allegations set forth in paragraph 30 of the Complaint because such allegations purport to recite the content of documents which documents

speak for themselves. Further responding, the Defendant is without knowledge or information sufficient to form an opinion as to the amount of diesel fuel used by the UPS trucking terminal and therefore calls upon Plaintiff to prove same.

31.    The Defendant admits the allegations set forth in the final sentence of paragraph 31 of the Complaint, and denies each and every other allegation set forth in paragraph 31 of the Complaint.

32.    The Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.    The Defendant does not respond to the allegations set forth in paragraph 33 of the Complaint because such allegations purport to recite the content of documents which documents speak for themselves.

34.    The Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.    The Defendant denies the allegations set forth in paragraph 35 of the Complaint.

### COUNT I - Declaratory Relief

36.    The Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37.    The Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38.    The Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39.    The Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40.    The Defendant denies the allegations set forth in paragraph 40 of the Complaint.

### COUNT II - 42 U.S.C. §1983

41.    The Defendant does not respond to the allegations set forth in Paragraph 41 of the Complaint because such allegations purport to recite the content of documents which documents speak for themselves.

42.    The Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43.    The Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44.    The Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45.    The Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46.    The Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47.    The Defendant denies the allegations set forth in paragraph 47 of the Complaint.

**IV.    Prayers for Relief**

The Defendant denies Plaintiff is entitled to any of the relief requested.

### Third Affirmative Defense

The Plaintiff, by its conduct and actions, cannot recover in this matter.

### Fourth Affirmative Defense

The Defendant states that its actions and conduct were protected by law and/or legal process and, therefore, the Plaintiff cannot recover.

### Fifth Affirmative Defense

The Defendant states that at all times material hereto, its officials and employees acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters set forth in the Complaint which bear on a question of state or federal law.

### Sixth Affirmative Defense

The Defendant states that its officials and employees were privileged in their conduct and actions and, therefore, the plaintiff cannot recover.

**Seventh Affirmative Defense**

The Defendant states that no policy, custom or practice of the Defendant caused the alleged civil rights deprivations and, therefore, the Plaintiff cannot recover.

**Eighth Affirmative Defense**

The Defendant did not deprive the Plaintiff of any rights secured by the Constitution or laws of the United States or the Commonwealth of Massachusetts and, therefore, the Plaintiff cannot recover.

**Ninth Affirmative Defense**

The Plaintiff failed to mitigate damages.

**Tenth Affirmative Defense**

The Defendant did not deprive the Plaintiff's land of all practical or economic value.

**Eleventh Affirmative Defense**

The Plaintiff's expectations regarding the use of its property were neither investment-backed, reasonable nor predicated upon existing conditions.

**Twelfth Affirmative Defense**

The Plaintiff was provided with notice and an opportunity to be heard and, therefore, cannot recover for the alleged violation of its rights to due process.

**Thirteenth Affirmative Defense**

Adequate post-deprivation remedies are available to the Plaintiff, therefore, it cannot recover for the alleged violation of its rights to due process.

**Fourteenth Affirmative Defense**

The Plaintiff failed to allege that available remedies under Massachusetts law were

inadequate to address any deprivation of its rights by the Defendant, therefore, it cannot recover for the alleged violation of its rights to due process.

### Fifteenth Affirmative Defense

The Plaintiff lacks standing.

### Sixteenth Affirmative Defense

The Plaintiff failed to exhaust its administrative remedies.

### Seventeenth Affirmative Defense

The Plaintiff is estopped by its conduct from recovering on its claim.

### Eighteenth Affirmative Defense

The Defendant says that the injuries or damages alleged were caused in whole or in part by the Plaintiff's own conduct.

### Nineteenth Affirmative Defense

The Defendant says that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### Twentieth Affirmative Defense

The Defendant was justified in its conduct and acts and, therefore, not liable to the Plaintiff.

### Twenty-First Affirmative Defense

The Defendant states that at all times relevant hereto, the Defendant's officials and employees acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their authority.

### Twenty-Second Affirmative Defense

The Defendant answering states that the Plaintiff, by its conduct and actions and/or by the conduct and actions of its agents and servants, has waived any and all rights it may have had against the Defendant.

### Twenty-Third Affirmative Defense

The Defendant answering states that if the Plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### Twenty-Fourth Affirmative Defense

The Defendant states that no act or omission by Defendant was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

### Twenty-Fifth Affirmative Defense

The Defendant answering states that the Plaintiff failed to bring this action timely pursuant to the applicable statute of limitations.

### Twenty-Sixth Affirmative Defense

The Defendant states that Plaintiff has no constitutionally cognizable property interest in the Site described in the Complaint.

### Twenty-Seventh Affirmative Defense

Plaintiff lacks standing to assert the claims set forth in the Complaint, and is neither the owner of the Site nor the holder of the special permit to which reference is made in the Complaint.

### Twenty-Eighth Affirmative Defense

The Complaint should be dismissed because the issues it attempts to raise are not yet ripe for

-10-

adjudication. Without limiting the generality of the foregoing, the Defendant avers that this action is premature because: (a) the state court appeal of the special permit is pending; (b) no decision, order, denial or other affirmative act of the Defendant has occurred as a result of the Bylaw which could be said to give rise to any claim; and (c) the Bylaw expressly contemplates that it will be implemented through regulations to be issued by the Board of Health of the Defendant and such regulations have not yet been promulgated.

<u>**Twenty-Ninth Affirmative Defense**</u>

The enactment and enforcement of the Bylaw constitutes a valid exercise by the Defendant of its police power. Without limiting the generality of the foregoing:

(a)    the Bylaw is a reasonable measure to protect the health and safety of the people of the Defendant;

(b)    it is within the power of the Defendant to enact the Bylaw under G.L. c. 40, § 21 and the Home Rule Amendment to the Massachusetts Constitution, Amendment Article 2 as further amended by Article 89;

(c)    the alleged private motives of individual members of Town Meeting are irrelevant in assessing the lawfulness of the Bylaw;

(d)    the Bylaw is entitled to every presumption of validity;

(e)    if any defect exists in the Bylaw which can be cured through judicial construction, the Bylaw is entitled to such construction; and

(f)    if any defect exists in the Bylaw which can be cured through regulations to be issued by the Board of Health of the Town, the Defendant should be allowed to effect such a cure.

-11-

### Thirtieth Affirmative Defense

Plaintiff cannot recover because the Defendant, and other governmental entities may promulgate reasonable regulations affecting the use of property in the interest of the public's health and safety.

### Thirty-First Affirmative Defense

The Bylaw is not a zoning enactment nor does it single out one or more particular parcels for special treatment.

### Thirty-Second Affirmative Defense

The Bylaw does not conflict with any federal statute and therefore cannot be said to be pre-empted by federal law.

### Thirty-Third Affirmative Defense

Neither the Federal Surface Transportation Act nor the ICC Termination Act of 1995 provide for a private Right of Action and, therefore, Plaintiff cannot recover.

**WHEREFORE**, the Defendant respectfully prays that this Court enter judgment as follows:

1.      For the Defendant and against Plaintiff under Count I of the Complaint, declaring that the Bylaw is not unconstitutional or otherwise illegal, on its face or as applied to Plaintiff; and

2.      For the Defendant and against Plaintiff under Count II of the Complaint, dismissing with prejudice Plaintiff's claim for violation of 42 U.S.C. §1983;

3.      Awarding the Defendant its costs of defense, including to the extent allowed by law its reasonable attorneys' fees; and

4.      Granting the Defendant such other and further relief as may be just and appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and all other applicable law, the

Defendant claims a trial by jury as to all counts and issues so triable.

The Defendant,
TOWN OF LYNNFIELD,
By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III, BBO# 566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, or pro se litigant, by mail/by hand. via electronic filing

7/26/04
Date

-13-