UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11450 RGS

| | |
|---|---|
| CRYSTAL MOTOR EXPRESS, INC., <br>     Plaintiff <br><br> V. <br><br> TOWN OF LYNNFIELD, <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S LOCAL RULE 26.2(A) DISCLOSURE

Pursuant to United States District Court Local Rule 26.2(A), the Defendant, Town of Lynnfield, discloses the following as required by Fed.R.Civ.P. 26(a)(1):

A.  The names and business addresses of individuals likely to have discoverable information relevant to the subject matter of this litigation:

Those persons are identified in Local Rule 26.1(B)(2) disclosure.

B.  The following non-privileged documents or categories of documents are currently in the Defendant's possession, custody or control that may be relevant to the facts alleged with particularity in the pleadings:

The Defendant produces the accompanying documents or tangible things in its possession, custody or control that may be relevant to the claims and defenses:

    I.    Board of Appeals Documents:

        Minutes of Board of Appeals, dated January 5, 1999;

        Minutes of Board of Appeals, dated February 2, 1999;

        Minutes of Board of Appeals, dated March 2, 1999;

Minutes of Board of Appeals, dated April 6, 1999;

Board of Appeals Decision - Petition of R. Masiello, dated June 28, 1999;

Hayes Engineering Inc., letter to Board of Appeals regarding review of site plan, dated April 6, 1999;

Mitigative drainage study by Hayes Engineering, Inc., dated April 6, 1999;

Massachusetts Department of Environmental Protection letter to Hayes Engineering, Inc. regarding Superseding Order Condition, dated January 17, 2001;

Plaintiff's response to Defendant's Request for Production of Documents in LaGrega v. Smith, dated February 18, 2000;

Board of Appeals' Decision - Petition of R. Masiello, dated June 28, 1999;

C. LaGreca letter to Zoning Board of Appeals regarding limitations on Special Use Permit, dated April 8, 1999;

Attorney Brooks' Notice of Change of Address in LaGreca v. Smith, dated June 19, 2000;

Defendant R. Masiello's Request for Documents and Interrogatories to Plaintiff in LaGreca v. Smith, dated January 21, 2000;

Answer of R. Masiello, Trustee in LaGreca v. Smith, dated September 22, 1999;

Plaintiff R. LaGreca's Notice of Chapter 40A Appeal and Superior Court Complaint, dated July 16, 1999;

C. LaGreca letter to Zoning Board of Appeals regarding limitations to Special Use Permit No. 2, dated April 14, 1999;

C. LaGreca letter to Zoning Board of Appeals requesting tapes of hearings, dated April 12, 1999;

Massachusetts Zoning Manual §8.27-8.29;

Attorney Kimball letter to Attorney Gadbois regarding continuance of Zoning Board of Appeals meeting, dated March 2, 1999;

Letter to Editor of Lynnfield Villager by Jette Mistry, dated March 24, 1999;

Crystal Motor description of operations, dated January 5, 1999;

Crystal Motor's letter to Zoning Board of Appeals regarding mission statement and operations, dated January 4, 1999;

VHB, Inc. traffic evaluation, dated January 5, 1999;

Excerpts of _____ discussing effect of change to Bylaw and Plan, dated March 5, 1999;

Attorney Kimball's letter to Town Clerk regarding submittal ANR Plan, dated March 19, 1999;

Form A - Application for Endorsement as ANR, dated March 17, 1999;

Planning Board Site Plan recommendation, dated January 25, 1999;

Conservation Commission Memorandum to Zoning Board of Appeals regarding insufficient plan, dated January 4, 1999;

Board of Appeals Notice of Meeting on April 6, 1999, dated March 24, 1999 and March 31, 1999;

Zoning Board of Appeals Request for Continuance form, dated March 2, 1999;

Zoning Board of Appeals Notice of Meeting March 2, 1999, dated February 17, 1999 and February 24, 1999;

Zoning Board of Appeals Request for Continuance form, dated February 2, 1999;

K. Martini, Professional Engineer's letter to Mistry Associates regarding noise survey, dated February 2, 1999;

Zoning Board of Appeals' Notice of Meeting February 2, 1999, dated January 20, 1999 and January 27, 1999;

Zoning Board of Appeals' Request of Continuance form, dated January 5, 1999;

Zoning Board of Appeals' Notice of Meeting January 5, 1999, dated December 23, 1998 and December 30, 1998;

R. Masiello's Petition for Hearing to Zoning Board of Appeals, dated December 14, 1998;

Abutter's List;

Trustee's Deed, dated April 24, 1980.

II. Building Department File:

Notices of Deposition of J. Smith and P. Ogren in LaGreca v. Smith, dated February 25, 2003;

Final Decision of Department of Environmental Protection (Massachusetts) in regard to Crystal Motor Express, dated January 11, 2002;

Recommended Final Decision of Massachusetts Department of Environmental Protection in regard to Crystal Motor Express, dated August 21, 2001;

C. LaGreca letter to Zoning Board of Appeals regarding Recommended Final Decision of Massachusetts Department of Environmental Protection, dated January 3, 2002;

C. LaGreca letter to Lynnfield Conservation Commission regarding "Have I done Enough?", dated October 7, 2002;

"Dangers of Diesel" report, U.S. PIRG Educ. Fund, dated October 2002;

Defendant R. Masiello's Opposition to Plaintiff LaGreca's Motion for Summary Judgment in LaGreca v. Smith, dated July 1, 2002;

Attorney Connolly's letter to ALJ Rooney regarding property access, dated June 8, 2001;

Attorney Gadbois's letter to Massachusetts Department of Environmental Protection regarding claim of adjudicatory hearing, dated January 29, 2001;

Prehearing Conference Report of Massachusetts Department of Environmental Protection in regards to Crystal Motor Express, dated May 29, 2001;

Prehearing Conference Order in Massachusetts Department of Environmental Protection in regards to Crystal Motor, dated April 17, 2001;

Massachusetts Department of Environmental Protection Commissioner's

    Direction on Time Limits;

    Massachusetts Department of Environmental Protection Commissioner's Directive concerning Proceedings under Chapter 30A, dated November 8, 2000;

    Appraiser Reynolds's letter to Zoning Board of Appeals regarding plan copy, dated February 20, 2001.

III.    <u>Board of Health Minutes</u>:

    Lynnfield Board of Health Minutes, dated November 26, 2002;

    Lynnfield Board of Health Minutes, dated February 25, 2003;

    Lynnfield Board of Health Minutes, dated March 18, 2003;

    Lynnfield Board of Health Minutes, dated April 16, 2003;

    Lynnfield Board of Health Minutes, dated July 15, 2003;

    Lynnfield Board of Health Minutes, dated September 9, 2003;

    Lynnfield Board of Health Minutes, dated October 14, 2003;

    Lynnfield Board of Health Minutes, dated December 8, 2003;

    Lynnfield Board of Health Minutes, dated January 6, 2004;

    Lynnfield Board of Health Minutes, dated March 3, 2004;

    April 6, 2004 Notice: The Daily Item, Wakefield of Hearing (No Minutes);

    April 13, 2004 Notice: The Daily Item, Wakefield (No Minutes);

    Lynnfield Board of Health Minutes, dated April 20, 2004;

    July 7, 2004 Notice: The Villager, Lynnfield (No Minutes).

IV.    <u>Board of Health File</u>

    Attorney Colbert's letter to Attorney Mullen regarding public records request, dated March 3, 2004;

Massachusetts Attorney General's opinion letter to Clerk Cashman regarding Warrant Articles, dated January 29, 2004;

C. LaGreca's letter to J. Nugent regarding proposed bylaw and regulations, dated October 29, 2003;

L. Cardavelli's memorandum to Board of Health regarding Article for Town Meeting, dated September 23, 2003;

C. LaGreca's letter to Dr. Peinert regarding additional documents requested, dated July 16, 2003;

Attorney Connolly's letter to J. Smith regarding LaGreca v. Masiello, dated June 3, 2003;

J. Nugent's letter to S.P. Gorshel regarding attendance at meeting, dated April 18, 2003;

C. LaGreca's letter to Dr. Peinert regarding studies of health effects, dated April 16, 2003;

Deposition transcript of J. Smith in LaGreca v. Smith, dated March 31, 2003;

Attorney Tamagini's letter to J. Nugent regarding appearance before Board of Health, dated March 27, 2003;

Attorney Tamagini's letter to J. Nugent regarding appearance before Board of Health, dated March 12, 2003;

A. Zaccaria's letter to Board of Health regarding opposition to truck terminal, dated January 21, 2003;

C. LaGreca's letter to Dr. Peinert regarding reports on diesel soot, dated December 16, 2002;

C. LaGreca's letter to Dr. Peinert regarding objections to truck terminal, dated October 28, 2002;

Executive Summary of California Environmental Protection Agency regarding proposed identification of diesel exhaust, dated April 22, 1998;

MPCA (Minnesota) Appendix E "Diesel Engine Exhaust", dated February 16, 2001;

California Environmental Protection Agency news release regarding anti-soot tests, dated November 8, 1990;

Pace Analytical Chemical Analysis Report, dated October 17, 2002;

AFSCME Fact Sheet regarding diesel exhaust, dated _____;

A. DesRosiers's letter to Board of Health regarding no smoking regulations, dated December 20, 2002;

C. LaGreca's letter to Dr. Peinert regarding 30 plus reports on diesel, dated October 31, 2002;

Petition signatures "Diesel Fumes Cause Cancer" (sample);

Professor T. Phalen's letter to Conservation Commission regarding site visit, dated June 25, 2002;

Soil Suitability Assessment for On-Site Sewage Disposal, dated January 9, 1999.

V. <u>Planning Board Material</u>

C. LaGreca's letter to "People of Lynnfield" with American Lung Association letter, dated October 20, 2003;

J. Thayer, American Lung Association of Massachusetts letter to Dr. Peinert, dated February 24, 2003;

"Health Effects of Diesel Exhaust" fact sheet by ALA of California;

A. Zaccaria's letter to Board of Health, dated January 21, 2003;

Planning Board Public Hearing sign-in sheet, dated October 8, 2003;

Planning Board Meeting Agenda, dated October 8, 2003;

Planning Board memorandum to 2003 Special Town Meeting recommending postponement, dated October 20, 2003;

Page 3 of Minutes of Planning Board Meeting, dated October 8, 2003;

Lynnfield Planning Board Special Meeting, dated October 20, 2003;

Various news articles and studies regarding health effects of diesel.

VI. <u>Town Bylaw Documents</u>

L. Cardavelli's memorandum to Dr. Peinert, Board of Health regarding Article for Town Meeting, dated September 23, 2003;

P. Carakatsane's memorandum to L. Cardavelli regarding Diesel Fuel Bylaw, dated July 26, 2004.

The Defendant reserves the right to supplement these disclosures.

C. The Defendant has no documents related to the computation of damages because they are not seeking damages in this litigation.

D. The Defendant will make available for copying and inspection at a mutually convenient time the Defendant's relevant insurance agreements under which an insurance business may be liable to satisfy part or all of a judgment or to indemnify or reimburse for payments made to satisfy a judgment.

Respectfully Submitted,
The Defendant,
TOWN OF LYNNFIELD,
By its Attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty III, BBO # 566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand. and electronic filing

10/4/04
Date

-8-