UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                      )
CRYSTAL MOTOR EXPRESS, INC., and      )
                                      )
                                      )
            *Plaintiff*,              )
                                      )   CIVIL ACTION
v.                                    )   NO. 04-11450-RGS
                                      )
TOWN OF LYNNFIELD,                    )
                                      )
            *Defendant*.              )
_____)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
TO AMEND COMPLAINT**

By its present Motion, the Plaintiff, Crystal Motor Express, Inc. ("Crystal"), seeks leave to amend its Complaint in this action by adding as a party plaintiff Ronald E. Masiello, Trustee of Crystal Land Investment Trust (the "Trust") to more clearly identify and articulate the separate roles and standing of Crystal and the Trust to assert the claims in this action and to separately identify the Plaintiff's preemption claim under 49 U.S.C. § 14501(c)(1).

Fed. R. Civ. P. 15(a) provides, *inter alia*, that a party may amend his pleading by leave of court or by written consent of the adverse party. Under that rule, leave to amend "shall be freely given when justice so requires." *See, also*, *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L. Ed. 2d 222 (1962). It is widely recognized that pleadings are not an end in themselves, but are only a means to the proper determination of a case. 3 *Moore's Federal Practice* ¶15.02 [1].

By its proposed Amended Complaint, Crystal seeks to add the Trust as a party plaintiff because it was the Trust, commonly owned, operated and controlled with Crystal, that applied for and was granted the original permit from the Town of Lynnfield to develop the Site in

question into a trucking terminal for use by Crystal. The proposed Amended Complaint seeks to more clearly articulate that although the Trust owns the site, it was and is Crystal who intends to actually use the Site as a trucking terminal all of which has been known to the Town for at least six years. No new substantive claims are alleged in the name of or on behalf of either Crystal or the Trust.

The proposed Amended Complaint also asserts as a new Count III, the Plaintiffs' claim that the actions of the Defendant Town complained of by the Plaintiffs are preempted as a matter of law by the ICC Termination Act of 1995, 49 U.S.C. § 14501(c)(1). This claim was already alleged in Count I of Crystal's original Complaint, Complaint, ¶¶ 35 and 38, but Crystal and the Trust believe that their claim of preemption under 49 U.S.C. § 14501(c)(1) should be alleged as a separate and distinct claim apart from their claim for declaratory relief under Count I. Therefore, again, Count III does not allege any new substantive claim against the Town that was not previously alleged and raised in the original Complaint.

Discovery in this case is still ongoing, and the Town would not be prejudiced by the allowance of this Motion, which would simply allow the correct alignment of the parties' plaintiff and distinctly articulate Plaintiffs' preemption claim under 49 U.S.C. § 14501(c)(1).

For the foregoing reasons, the Plaintiffs respectfully submit that justice requires the allowance of this motion under Rule 15(a) and that it should be granted.

        CRYSTAL MOTOR EXPRESS, INC. and
RONALD E. MASIELLO, TRUSTEE OF
CRYSTAL LAND INVESTMENT TRUST

By their attorneys,

March 28, 2005

\s\ Edward V. Colbert III
Wesley S. Chused (BBO#083520)
Edward V. Colbert, III (BBO#566187)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800