UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11450 RGS

| | |
|---|---|
| CRYSTAL MOTOR EXPRESS, INC. and <br> RONALD E. MASIELLO, TRUSTEE OF <br> CRYSTAL LAND INVESTMENT TRUST, <br>     Plaintiffs <br><br> v. <br><br> TOWN OF LYNNFIELD, <br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT, TOWN OF LYNNFIELD'S,
ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND**

**First Affirmative Defense**

The Amended Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Section I of the Amended Complaint, entitled "Summary of Amended Complaint and Relief Sought," is introductory in nature and does not require a specific response from the Defendant. To the extent a response is deemed necessary, the Defendant hereby denies the allegations set forth therein.

**II.   Parties, Jurisdiction and Venue**

    1.    The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

    2.    The Defendant is without knowledge or information sufficient to form an opinion as

to the truth of the allegations set forth in paragraph 2 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

3. The Defendant admits the allegations set forth in paragraph 3 of the Amended Complaint, to the extent it alleges the Town of Lynnfield is a duly organized municipality within the Commonwealth of Massachusetts. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations set forth in paragraph 3 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

4. The Defendant does not respond to the allegations in paragraph 4 of the Amended Complaint because such allegations contain conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the Defendant denies the allegation in paragraph 4 of the Amended Complaint.

5. The Defendant does not respond to the allegations set forth in paragraph 5 of the Amended Complaint because such allegations contain conclusions of law not requiring a responsive pleading. To the extent a response is deemed necessary, the Defendant denies the allegation in paragraph 5 of the Amended Complaint.

6. The Defendant admits the allegations set forth in paragraph 6 of the Amended Complaint.

### III. Background Facts

7. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

8. The Defendant is without knowledge or information sufficient to form an opinion as

to the truth of the allegations set forth in paragraph 8 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

9. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

10. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

11. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

12. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

13. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

14. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

15. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint, and therefore

calls upon Plaintiffs to prove same.

16. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

17. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

18. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

19. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

20. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

21. The Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint, and therefore calls upon Plaintiffs to prove same.

22. The Defendant admits the allegations set forth in the first sentence of paragraph 22 of the Amended Complaint to the extent it alleges terms of the Zoning Bylaws in existence in November 1998. The Defendant is without knowledge or information sufficient to form an opinion

as to the truth of the remaining allegations of the said paragraph, and therefore calls upon Plaintiffs to prove same.

23.     The Defendant admits that the Trust applied for a special permit to use certain real property within the Defendant (the "Site") as a trucking terminal, and that the said applicant made certain representations concerning its proposed use of the Site. The Defendant denies each and every other allegation in paragraph 23 of the Amended Complaint.

24.     The Defendant admits the allegations set forth in the first sentence of paragraph 24. The Defendant denies the allegations set forth in the second sentence of the said paragraph.

25.     The Defendant does not respond to the allegations set forth in paragraph 25 of the Amended Complaint because such allegations purport to recite the content of documents, which documents speak for themselves. To the extent a response is deemed necessary, the Defendant admits the allegations in paragraph 25 of the Amended Complaint.

26.     The Defendant denies the allegations set forth in the first sentence of paragraph 26 of the Amended Complaint. The Defendant admits that the Trust submitted a plan of the Site to the Planning Board pursuant to G.L. c. 41, § 81P and that the Planning Board endorsed the said plan as not requiring approval under the Subdivision Control Law. The Defendant denies each and every other allegation in paragraph 26 of the Amended Complaint.

27.     The Defendant does not respond to the allegations set forth in paragraph 27 of the Amended Complaint because such allegations purport to recite the contents of documents, which documents speak for themselves.

28.     The Defendant admits the allegations set forth in paragraph 28 of the Amended Complaint.

29. The Defendant admits the allegations set forth in paragraph 29 except as follows:

(a) The Defendant denies that the original notice of intent was filed on May 9, 1999 and avers that it was filed on or about May 24, 1999.

(b) The Defendant denies that Robin and Carl LaGreca both filed the second appeal to an administrative law judge, and avers that it was pursued by Robin LaGreca alone.

(c) The Defendant denies that an appeal of the Superseding Order of Conditions that was issued by the Department of Environmental Protection, a copy of which appears as Exhibit D to the Amended Complaint, remains pending; the Defendant avers that the appeal was dismissed for failure of the appellant to prosecute the appeal pursuant to a final decision dated June 23, 2004.

30. The Defendant denies the allegations set forth in paragraph 30 of the Amended Complaint.

31. The Defendant does not respond to the allegations set forth in paragraph 31 of the Amended Complaint because such allegations purport to recite the content of documents which documents speak for themselves. Further responding, the Defendant is without knowledge or information sufficient to form an opinion as to the amount of diesel fuel used by the UPS trucking terminal and therefore calls upon Plaintiffs to prove same.

32. The Defendant admits the allegations set forth in the final sentence of paragraph 32 of the Amended Complaint, and denies each and every other allegation set forth in paragraph 32 of the Amended Complaint.

33. The Defendant denies the allegations set forth in paragraph 33 of the Amended Complaint.

34. The Defendant does not respond to the allegations set forth in paragraph 34 of the

Amended Complaint because such allegations purport to recite the content of documents which documents speak for themselves.

35.  The Defendant denies the allegations set forth in paragraph 35 of the Amended Complaint.

36.  The Defendant denies the allegations set forth in paragraph 36 of the Amended Complaint.

## COUNT I - Declaratory Relief

37.  The Defendant denies the allegations set forth in paragraph 37 of the Amended Complaint.

38.  The Defendant denies the allegations set forth in paragraph 38 of the Amended Complaint.

39.  The Defendant denies the allegations set forth in paragraph 39 of the Amended Complaint.

40.  The Defendant denies the allegations set forth in paragraph 40 of the Amended Complaint.

41.  The Defendant denies the allegations set forth in paragraph 41 of the Amended Complaint.

## COUNT II - 42 U.S.C. §1983

42.  The Defendant does not respond to the allegations set forth in Paragraph 42 of the Amended Complaint because such allegations purport to recite the content of documents which documents speak for themselves.

43.  The Defendant denies the allegations set forth in paragraph 43 of the Amended

Complaint.

43. The Defendant denies the allegations set forth in paragraph 43 of the Amended Complaint.


Complaint.

44. The Defendant denies the allegations set forth in paragraph 44 of the Amended Complaint.

45. The Defendant denies the allegations set forth in paragraph 45 of the Amended Complaint.

46. The Defendant denies the allegations set forth in paragraph 46 of the Amended Complaint.

47. The Defendant denies the allegations set forth in paragraph 47 of the Amended Complaint.

48. The Defendant denies the allegations set forth in paragraph 48 of the Amended Complaint.

### COUNT III - Preemption by 49 U.S.C. §14501(c)(1)

49. The Defendant denies the allegations set forth in paragraph 49 of the Amended Complaint.

50. The Defendant denies the allegations set forth in paragraph 50 of the Amended Complaint.

IV. **Prayers for Relief**

The Defendant denies Plaintiffs are entitled to any of the relief requested.

### Third Affirmative Defense

The Plaintiffs, by their conduct and actions, cannot recover in this matter.

### Fourth Affirmative Defense

The Defendant states that its actions and conduct were protected by law and/or legal process

Complaint.

44. The Defendant denies the allegations set forth in paragraph 44 of the Amended Complaint.

45. The Defendant denies the allegations set forth in paragraph 45 of the Amended Complaint.

46. The Defendant denies the allegations set forth in paragraph 46 of the Amended Complaint.

47. The Defendant denies the allegations set forth in paragraph 47 of the Amended Complaint.

48. The Defendant denies the allegations set forth in paragraph 48 of the Amended Complaint.

### COUNT III - Preemption by 49 U.S.C. §14501(c)(1)

49. The Defendant denies the allegations set forth in paragraph 49 of the Amended Complaint.

50. The Defendant denies the allegations set forth in paragraph 50 of the Amended Complaint.

IV. **Prayers for Relief**

The Defendant denies Plaintiffs are entitled to any of the relief requested.

### Third Affirmative Defense

The Plaintiffs, by their conduct and actions, cannot recover in this matter.

### Fourth Affirmative Defense

The Defendant states that its actions and conduct were protected by law and/or legal process

and, therefore, the Plaintiffs cannot recover.

### Fifth Affirmative Defense

The Defendant states that at all times material hereto, its officials and employees acted reasonably, within the scope of their official discretion and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters set forth in the Amended Complaint which bear on a question of state or federal law.

### Sixth Affirmative Defense

The Defendant states that its officials and employees were privileged in their conduct and actions and, therefore, the Plaintiffs cannot recover.

### Seventh Affirmative Defense

The Defendant states that no policy, custom or practice of the Defendant caused the alleged civil rights deprivations and, therefore, the Plaintiffs cannot recover.

### Eighth Affirmative Defense

The Defendant did not deprive the Plaintiffs of any rights secured by the Constitution or laws of the United States or the Commonwealth of Massachusetts and, therefore, the Plaintiffs cannot recover.

### Ninth Affirmative Defense

The Plaintiffs failed to mitigate damages.

### Tenth Affirmative Defense

The Defendant did not deprive the Plaintiffs' land of all practical or economic value.

### Eleventh Affirmative Defense

The Plaintiffs' expectations regarding the use of their property were neither investment-backed, reasonable nor predicated upon existing conditions.

### Twelfth Affirmative Defense

The Plaintiffs were provided with notice and an opportunity to be heard and, therefore, cannot recover for the alleged violation of their rights to due process.

### Thirteenth Affirmative Defense

Adequate post-deprivation remedies are available to the Plaintiffs, therefore, they cannot recover for the alleged violation of their rights to due process.

### Fourteenth Affirmative Defense

The Plaintiffs failed to allege that available remedies under Massachusetts law were inadequate to address any deprivation of its rights by the Defendant, therefore, they cannot recover for the alleged violation of their rights to due process.

### Fifteenth Affirmative Defense

The Plaintiffs lack standing.

### Sixteenth Affirmative Defense

The Plaintiffs failed to exhaust their administrative remedies.

### Seventeenth Affirmative Defense

The Plaintiffs are estopped by their conduct from recovering on their claim.

### Eighteenth Affirmative Defense

The Defendant says that the injuries or damages alleged were caused in whole or in part by the Plaintiffs' own conduct.

### Nineteenth Affirmative Defense

The Defendant says that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiffs of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### Twentieth Affirmative Defense

The Defendant was justified in its conduct and acts and, therefore, not liable to the Plaintiffs.

### Twenty-First Affirmative Defense

The Defendant states that at all times relevant hereto, the Defendant's officials and employees acted without malice toward the Plaintiffs and that their actions relative to the Plaintiffs were privileged by virtue of their acting reasonably and in good faith within the scope of their authority.

### Twenty-Second Affirmative Defense

The Defendant answering states that the Plaintiffs, by their conduct and actions and/or by the conduct and actions of their agents and servants, have waived any and all rights they may have had against the Defendant.

### Twenty-Third Affirmative Defense

The Defendant answering states that if the Plaintiffs suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### Twenty-Fourth Affirmative Defense

The Defendant states that no act or omission by Defendant was a proximate cause of damages, if any, allegedly sustained by the Plaintiffs.

### Twenty-Fifth Affirmative Defense

The Defendant answering states that the Plaintiffs failed to bring this action timely pursuant to the applicable statute of limitations.

### Twenty-Sixth Affirmative Defense

The Defendant states that Plaintiffs have no constitutionally cognizable property interest in the Site described in the Amended Complaint.

### Twenty-Seventh Affirmative Defense

Plaintiffs lack standing to assert the claims set forth in the Amended Complaint, and are neither the owner of the Site nor the holder of the special permit to which reference is made in the Amended Complaint.

### Twenty-Eighth Affirmative Defense

The Amended Complaint should be dismissed because the issues it attempts to raise are not yet ripe for adjudication. Without limiting the generality of the foregoing, the Defendant avers that this action is premature because: (a) the state court appeal of the special permit is pending; (b) no decision, order, denial or other affirmative act of the Defendant has occurred as a result of the Bylaw which could be said to give rise to any claim; and (c) the Bylaw expressly contemplates that it will be implemented through regulations to be issued by the Board of Health of the Defendant and such regulations have not yet been promulgated.

### Twenty-Ninth Affirmative Defense

The enactment and enforcement of the Bylaw constitutes a valid exercise by the Defendant of its police power. Without limiting the generality of the foregoing:

(a)   the Bylaw is a reasonable measure to protect the health and safety of the people of

the Defendant;

(b)   it is within the power of the Defendant to enact the Bylaw under G.L. c. 40, § 21 and the Home Rule Amendment to the Massachusetts Constitution, Amendment Article 2 as further amended by Article 89;

(c)   the alleged private motives of individual members of Town Meeting are irrelevant in assessing the lawfulness of the Bylaw;

(d)   the Bylaw is entitled to every presumption of validity;

(e)   if any defect exists in the Bylaw which can be cured through judicial construction, the Bylaw is entitled to such construction; and

(f)   if any defect exists in the Bylaw which can be cured through regulations to be issued by the Board of Health of the Town, the Defendant should be allowed to effect such a cure.

## Thirtieth Affirmative Defense

Plaintiffs cannot recover because the Defendant, and other governmental entities may promulgate reasonable regulations affecting the use of property in the interest of the public's health and safety.

## Thirty-First Affirmative Defense

The Bylaw is not a zoning enactment nor does it single out one or more particular parcels for special treatment.

## Thirty-Second Affirmative Defense

The Bylaw does not conflict with any federal statute and therefore cannot be said to be pre-empted by federal law.

### Thirty-Third Affirmative Defense

Neither the Federal Surface Transportation Act nor the ICC Termination Act of 1995 provide for a private Right of Action and, therefore, Plaintiffs cannot recover.

**WHEREFORE**, the Defendant respectfully prays that this Court enter judgment as follows:

1. For the Defendant and against Plaintiffs under Count I of the Amended Complaint, declaring that the Bylaw is not unconstitutional or otherwise illegal, on its face or as applied to Plaintiffs; and

2. For the Defendant and against Plaintiffs under Count II of the Amended Complaint, dismissing with prejudice Plaintiffs's claim for violation of 42 U.S.C. §1983;

3. Awarding the Defendant its costs of defense, including to the extent allowed by law its reasonable attorneys' fees; and

4. Granting the Defendant such other and further relief as may be just and appropriate.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and all other applicable law, the Defendant claims a trial by jury as to all counts and issues so triable.

> The Defendant,
> TOWN OF LYNNFIELD,
> By its attorneys,
> PIERCE, DAVIS & PERRITANO, LLP
>
> _____
> John J. Cloherty III, BBO# 566522
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail electronic filing (by hand) on 7/19/05.

-14-