# EXHIBIT F

MEMORANDUM



To: James Nugent
From: Thomas Mullen
Re: Board of Health Regulations Concerning Diesel Fuel
Date: January 6, 2004

---

I am responding to the draft Board of Health regulations which you sent me under cover of a letter dated December 9, 2003. In general I view the draft regulations as valuable refinements. I do however have the following minor suggestions:

1. I fear that the definition of "Regular Use and Operation of Vehicles Using or Burning Diesel Fuel" may be worded in such a way as to complicate enforcement. It currently refers to "the regular movement or operation of more than five (5) diesel fueled vehicles at a site including five (5) vehicle trips to such site during any normal day and five (5) vehicles trips from such site in any normal business day." This definition is susceptible to a meaning which, given the examples that follow it, is probably not what your Board intends: that regular use requires that there be 5 _different_ vehicles, and that the 5 trips per day include <u>both</u> 5 trips in <u>and</u> 5 trips out. To bring the definition into accord with the examples, I recommend rewriting the definition as follows:

> "Regular Use and Operation of Vehicles Using or Burning Diesel Fuel -- shall mean the regular movement or operation of one (1) or more diesel fueled vehicles at a site on a normal business day in such a way as constitute either five (5) or more vehicle trips to such site or five (5) or more vehicle trips from such site or both."

2. Although it struck me as duplicative at first to adopt regulations under the bylaw and then adopt separate but substantially identical regulations under the Board's regulatory authority pursuant to G.L. c. 111, §§ 31C & 143, I have come to believe that this "belt and suspenders" approach is wise. This structure ensures that even if the

Attorney General or a court invalidates or limits the bylaw, the Board's regulations under G.L. c. 111 should survive independently. To avoid the problems that can come with duplicative regulations, I suggest that the Board add to something like the following to the regulations it issues under G.L. c. 111:

> "Since it is not the intent of the Board of Health to impose duplicative costs or penalties, any applicant for a site assignment who complies with the application procedures set forth in either the Board's regulations under Section 27, Chapter Five, Section II of the Lynnfield Bylaws or these regulations will be deemed to have complied with both, and no violation shall be prosecuted under more than one such set of regulations."

3. I note that the application process in the regulations appears to relate solely to site assignment. Is there to be a separate application for an operating permit? What information should be included in the operating permit application and what fee should be paid? It may be that the Board contemplates granting an operating permit together with a site assignment, but in that case I think the regulations should say so. Also, the Board may want operating permits to be renewed periodically.

4. I have the following editorial suggestions:

   a. In the definition of "Residential Area," omit "and/or citizens" since it adds nothing.

   b. In the definition of "Site," insert a comma after "plant" and before "building".

   c. In the definition of "Use and burning of diesel fuel," make the following minor changes, which I have underlined:

> "The following are exempted from this provision: vehicles or equipment being used solely on a temporary basis for construction, expansion, repair or other similar purposes; and passenger vehicles, light duty trucks, vans (including SUV's), fire and other emergency vehicles."

TOL 1044

   d. In the definition of "Passenger automobile," make the word "road" plural.

   e. In the definition of "Light duty trucks," make the following minor changes, which I have underlined:

"<u>A</u> light duty truck <u>or</u> van (including an SUV) …"

   f. In the second example of vehicle trips (the one about the home products distributor), delete the word "of" just before the words "18 wheel diesel powered trucks".

   g. There's a mix-up of words in the first line under "Diesel Burning Facility Prohibited Without Site Assignment". It should begin: "No diesel fuel burning facility shall …" and not "No diesel burning fuel facility shall …".

   h. In paragraph "B" under "Site Assignment Applications," put a comma between "local" and "state".

I hope this memo is helpful. Please feel free to call me any time.

c:\Lynnfield\NugentMemoReDiesel

3

TOL 1045