UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV11450 RGS

|  |  |
|---|---|
| CRYSTAL MOTOR EXPRESS, INC.., <br> Plaintiff <br><br> v. <br><br> TOWN OF LYNNFIELD, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Now comes the Defendant, Town of Lynnfield, and hereby opposes Plaintiff's Motion to Compel. As grounds therefore, the Defendant states that the non-public communications between Town Counsel and Town Officials concerning Plaintiff's trucking terminal or the Town's diesel fuel bylaw are protected from discovery by the attorney-client privilege. There was no implied waiver of the attorney-client privilege by Town Counsel's extrajudicial statements at a public meeting of the Board of Selectmen. Furthermore the withheld Minutes of the Board of Health meeting on March 3, 2004 were from a properly convened Executive Session and include discussions with Town Counsel about threatened litigation.[1]

As further grounds therefore, the Defendant provides the following memorandum of law.

**I. The Claimed Privilege**

The Plaintiff now seeks to compel Defendant to disclose the substance of conversations and communications between Town Counsel and various town officials concerning Plaintiff's trucking

---

[1] To the extent Plaintiff's Motion seeks to compel the production of applicable insurance policies, Defendant had consistently informed Plaintiff it would produce these documents, and in fact, did so on August 26, 2005. The Plaintiffs Motion to Compel this production is thus moot.

terminal and also concerning the Town's diesel fuel bylaw. Furthermore, Plaintiff seeks to discover the content of executive session meetings by the Board of Health or other Town Boards. The Defendant has objected to disclosing the content of Town Counsel's legal advice to any town officials, or to disclosing the content of executive session minutes. The Plaintiff has served a Notice of Deposition for Town Counsel Attorney Mullen, in response to which Defense counsel has advised Defendant will be asserting the Attorney-client privilege as to all non-public communications between Town Counsel and any Town officials. See Atty. Cloherty ltr. to Atty. Colbert dtd. 8/2/05 (attached as Exhibit H to Pl.'s Mot. to Compel).

The Defendant is not objecting to responding to inquires of or concerning Town Counsel's public statements, and has already responded to discovery requests and deposition questions concerning these public statements. Specifically, Town Counsel spoke at a public meeting of the Board of Selectmen held on October 23, 2003 concerning the proposed Diesel Fuel Bylaw. See Bd. Selectmen Minutes dtd. 10/20/03 (attached as Exhibit D to Pl.'s Mot. to Compel). By means of a public records request prior to the initiation of this lawsuit, Plaintiff's obtained certain correspondence between the Town's Health Director and Town Counsel. See J. Nugent Ltr. to Atty. Mullen dtd. 12/9/03 (attached as Exhibit E to Pl.'s Mot. to Compel); Atty. Mullen memo. to J. Nugent dtd. 1/6/04 (attached as Exhibit F to Pl.'s Mot. to Compel). Defendant asserts that the production of these documents prior to litigation does not constitute a waiver of the attorney-client privilege.

## II. The Law of Attorney Client Privilege

As the First Circuit explained: "The attorney-client privilege is well-established and its rationale straightforward. By safeguarding communications between client and lawyer, the privilege

encourages full and free discussion, better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if litigation ensues. Still, the privilege is not limitless, and courts must take care to apply it only to the extent necessary to achieve its underlying goals. In other words, the attorney-client privilege must be narrowly construed because it comes with substantial costs and stands as an obstacle of sorts to the search for truth."[2] In re XYZ Corp., 348 F.3d 16, 22 (1st Cir. 2003) (citations omitted).

### III. Communications between Town Counsel and Town Officials are Privileged

For the attorney-client privilege to attach to a communication, it must have been made in confidence and for the purpose of securing or conveying legal advice. See In re XYZ Corp., 348 F.3d 16, 23 (1st Cir. 2003) (citing Cavallaro v. United States, 284 F.3d 236, 245 (1st Cir. 2002) and 8 John H. Wigmore, Evidence § 2292, at 554 (John T. McNaughton ed. 1961)). The positions of the city solicitor, corporation counsel and town counsel are not defined by statute, but their duties have developed over the years as the need of the municipality for legal services and advice has arisen.[3] See Douglas A. Randall, et al., 18 Mass. Practice, Municipal Law and Practice § 227 (4th

---

[2] Rule 501 of the Federal Rules of Evidence provides in civil actions where state law supplies the rule of decision that questions of privilege "shall be determined in accordance with State law." In this case the two counts for relief are 1) declaratory judgment concerning the constitutionality and federal preemption of a municipal bylaw; and 2) civil rights violations under 42 U.S.C. § 1983. See Pl.'s Compl. Thus federal law supplies the rule of decision. See Fed. R. Evid. 501 (stating "the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience"); see also In re XYZ Corp., 348 F.3d 16, 22 (1st Cir. 2003) (holding the question whether the corporation has waived the attorney-client privilege is governed by federal common law).

[3] By statute, however, certain duties are imposed upon a Town Counsel or City Solicitor. See, e.g. Mass. Gen. L. ch. 41, § 26A (requiring representation of the city or town assessors in proceedings before the State Appellate Tax Board); ch. 32, § 20(3)(e) (the city solicitor or town counsel is the legal advisor to the retirement board of the city or town); ch. 41, § 100B (the city

ed. 1993). Generally speaking, Town Counsel is the legal adviser to town officers and departments, defends the town in legal actions, prosecutes actions on behalf of the town, prepares or approves legal documents, gives opinions on legal points and represents the municipality, as required, before the courts, county commissioners, state departments, and legislative committees. Id. It is almost axiomatic that the communications between Town Counsel and town officials are attorney-client communications. Plaintiff here does not contend otherwise. Instead, Plaintiff argues that the Town or Town Counsel has somehow waived the privilege.

### IV. No Implied Waiver of Privilege

In the present case, there was no express waiver of the Attorney-client Privilege by Town Counsel Mullen. Plaintiff's contention that the statements made by Town Counsel at the Select Board Meeting in October 2003 constitute an "express waiver" is misguided. See Pl.'s Mot. Compel p. 5. Rather than acting as an "express waiver" of a privilege, the statements by Town Counsel at a public meeting are simply non-privileged. See In re XYZ Corp., 348 F.3d 16, 23 (1st Cir. 2003) (stating attorney communication in presence of third parties did not have expectation of confidentiality and were not privileged). Thus any statements made by an attorney to non-clients "lost any veneer of privilege." Id. The First Circuit's decision in XYZ Corp. is on point - it addresses the impact of such non-privileged statements, and whether the statements "had a ripple effect, i.e. whether it reached anything beyond that which was actually disclosed." Id. The First Circuit quickly answered: "We think not." Id.

Absent an express waiver, as here, the question of implied waiver is the central issue. The

---

solicitor or town counsel, or designee, serves as a member of the panel to consider applications for indemnification of police officers or fire-fighters retired for accidental disability).

XYZ Corp. decision provides an enlightening discussion of the rationale behind implied waivers. The First Circuit approached the question of the scope of implied waivers of the privilege "with the unarguable proposition that the attorney-client privilege is highly valued. Accordingly, courts should be cautious about finding implied waivers." Id. at 23 (citing In re Grand Jury Proceedings, 219 F.3d 175, 186 (2d Cir.2000)) (emphasis added). Thus, "[c]laims of implied waiver must be evaluated in light of principles of logic and fairness." Id. The First Circuit noted that the only cases holding an implied waiver extended to the entire subject matter of the waiver were those involving "a disclosure made in the course of a judicial proceeding." Id. at 24. The XYZ Corp. decision then announced its holding, "as a matter of first impression in this circuit, that the extrajudicial disclosure of attorney-client communications, not thereafter used by the client to gain adversarial advantage in judicial proceedings, cannot work an implied waiver of all confidential communications on the same subject matter." Id. (emphasis added).

Applying the XYZ Corp. holding to the present case, the statements by Town Counsel at a Select Board meeting were certainly "extrajudicial disclosures." In addition, the statements were not used by Town Counsel or the Town to gain an advantage in the litigation. This same rationale also applies to documents produced pursuant to a Public Records request by Plaintiff before the commencement of litigation.[4] Thus under XYZ Corp. the statements of Town Counsel do not act

---

[4] Notably, in the discovery proceedings during this litigation, Plaintiff's counsel himself has disclosed documents for inspection and copying which Plaintiff now contends are privileged attorney-client communication. Upon invitation, defense counsel appeared a Plaintiff's counsel's office to review voluminous documents responsive to Defendant's Rule 34 Requests and to identify those for which copies were sought. Shortly thereafter, on July 11, 2005, Defense counsel listed numerous documents inspected of which Defendant requested a copy. Plaintiff only made a partial production, requiring Defendant to identify those documents not produced and again request copies by letter dated July 27, 2005. Plaintiff's counsel thereafter produced a privileged document log stating the majority of the withheld documents were work product and/or privileged attorney-client

as an implied waiver of the attorney-client privilege as to the subject matter discussed. As characterized by the First Circuit, "[w]here a party has not thrust a partial disclosure into ongoing litigation, fairness concerns neither require nor permit massive breaching of the attorney-client privilege." Id. This Court should similarly reject Plaintiff's attempt at a "massive breaching" of the attorney-client privilege and deny the Motion to Compel.

## V. Executive Session Minutes are Privileged from Disclosure

The Open Meeting Law found at Mass. Gen. L. ch. 39 § 23B, provides that executive sessions of governmental bodies may be held for only the limited purposes specifically set out in the section.[5] See District Attorney v. Bd. of Selectmen of Middleborough, 395 Mass. 629, 631-632 (1985); see also Ghiglione v. School Comm. of Southbridge, 376 Mass. 70, 73, 378 N.E.2d 984 (1978). Section 23B(3) has been recognized as applying to discussions of threatened as well as existing litigation. See Doherty v. School Committee of Boston, 386 Mass. 643, 648 (1982) (in the midst of "extensive" pending litigation between the school committee and the teachers union about funding of teachers' salaries, school committee could properly anticipate a legal challenge by union to layoffs of teachers based on limited funding, and executive session to discuss the potential litigation was proper); Perryman v. School Committee of Boston, 17 Mass.App.Ct. 346, 352 (1983) (executive session under § 23B(3) properly called where in open session of school committee's meeting, the committee's attorney advised that plaintiffs would be seeking an injunction against committee within a week based on committee's action).

---

communication. Defendants are presently evaluating whether to seek to compel production of these purportedly privileged documents which were already provided for inspection by plaintiff's counsel.

[5] The General Laws contain similar open meeting laws governing State Officers, as opposed to municipal government. See Mass. Gen. L. ch. 30A § 11A ½

In the present case, the Defendant has asserted a privilege concerning the Executive Session Minutes of the Board of Health dated March 3, 2004. This session included discussions with Town Counsel Attorney Mullen regarding the diesel fuel bylaw. This executive session occurred over four months after Attorney Mullen had mentioned in the public Board of Selectmen meeting that the bylaw may invite litigation. Indeed, the present complaint was filed three months later, on June 24, 2004. At the time of the March 2004 Board of Health executive session, Plaintiff had long been litigating various appeals brought by abutters concerning the Town's permitting decisions for their trucking terminal. The Board of Health had ample basis for which to invoke an executive session. The discussions with Town Counsel reflected in the minutes of that executive session, or the contents of the meeting, are clearly protected attorney-client communications held during a properly convened executive session.

## VI. Conclusion

For the forgoing reasons the Defendant respectfully requests this Honorable Court enter an Order Denying Plaintiff's Motion to Compel, and order such other relief the Court deems fair and just, to include the costs and fees of opposing this Motion.

The Defendant,
TOWN OF LYNNFIELD,
By its attorneys,
**PIERCE, DAVIS & PERRITANO, LLP**

John J. Cloherty III, BBO# 566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 8/31/05. electronic flg

7