UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11450- RGS

CRYSTAL MOTOR EXPRESS, INC.

v.

TOWN OF LYNNFIELD

ORDER ON PLAINTIFF'S MOTION TO
COMPEL DISCOVERY

September 29, 2005

STEARNS, D.J.

The litigation objectives of plaintiff Crystal Motor Express, Inc. (Crystal) are to overturn a town by-law and board of health regulations restricting the burning of diesel fuel within the Town of Lynnfield and to recoup losses Crystal attributes to the Town's enactment of the restrictions. In this skirmish, Crystal moves to compel the Town to produce any of its insurance policies to which resort might be had to satisfy a judgment as well as matter involving the role of Town Counsel in the adoption of the by-law and regulations. The Town maintains that any advice rendered by Town Counsel falls within the protections of the attorney-client privilege. In its Opposition, the Town states that the relevant insurance policies were produced to Crystal on August 26, 2005. Accordingly, the first issue raised by the motion to compel is moot.

With regard to the issue of attorney-client privilege, Crystal seeks production of "all statements and documents involving Town Counsel that relate to Crystal, the Diesel Fuel by-law, and regulations adopted by the Lynnfield Board of Health." Crystal maintains that

> the attorney-client privilege was expressly waived when discussions about the diesel fuel by-law involving town counsel and public officials were disclosed during public meetings of the Board of Selectmen and Planning Board. These discussions occurred before the diesel fuel by-law was passed, and prior to this lawsuit being filed in June 2004.
>
> Additionally, documents revealing these conversations involving town counsel and town counsel's own legal memoranda were produced to Crystal as part of a public records request back in March 2004 made directly [to] Town Counsel. This disclosure of documents involving communications between Town Counsel and town officials clearly demonstrates a waiver of any attorney-client privilege that is now being asserted by the town.

Plaintiff's Memorandum, at 5-6.

"[T]he attorney-client privilege must be narrowly construed because it comes with substantial costs and stands as an obstacle of sorts to the search for truth." In re Keeper of the Records (XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003). "The privilege protects only those communications that are confidential and are made for the purpose of seeking or receiving legal advice." Id. As with any privilege, attorney-client privilege can be waived, even implicitly. Greater Newburyport Clamshell Alliance v. Public Serv. Co. of N.H., 838 F.2d 13, 17 (1st Cir. 1988). "[A] litigant may implicitly waive the privilege, at least in part, by injecting certain types of claims or defenses into a case." Darius v. City of Boston, 433 Mass. 274, 284 (2001). An implied waiver is more likely to be found in a civil proceeding where in the absence of a constitutional dimension, the "liberal federal policy favoring discovery is of substantially greater relative weight. . . . [A] privileged party cannot fairly be permitted to disclose as much as he pleases and then to withhold the remainder to the detriment of the defendant."[1] Clamshell Alliance, 838 F.2d at 19-20. However, "[a]n 'at

---

[1] While "at issue" waivers usually involve claims asserted by plaintiffs, as Darius recognizes, the doctrine is equally applicable to a defendant's claims.

issue' waiver, in circumstances where it is recognized, should not be tantamount to a blanket waiver of the entire attorney-client privilege in the case." Darius, 433 Mass. at 283. Rather, a court must "begin its analysis with a presumption in favor of preserving the privilege, Clamshell Alliance, 838 F.2d at 20, and must craft any order penetrating the privilege in such a way "so as to limit the permissible discovery to what is truly 'at issue.'" Darius, 433 Mass. at 283.

I conclude that Crystal has met its heavy burden of establishing that one class of communications at issue, to the extent they are privileged, are discoverable. By selectively referencing the taking of advice from Town Counsel regarding the adoption of the diesel fuel by-law and by releasing Town Counsel's memorandum of January 6, 2004, supporting the adoption of the board of health regulations, the Town has placed the content of the advice rendered at issue. The circumstances surrounding the adoption of the by-law and the Board of Health regulations are undoubtedly relevant, indeed they are the crux of the litigation, and the Town does not contend otherwise. There are no alternative means available to Crystal to obtain access to the legislative advice given by Town Counsel other than through the pertinent documents and Town Counsel's testimony. And finally, there is a strong public interest in the open disclosure of the process by which public officials came to promulgate a by-law and regulations that facially at least appear to favor the interests of one group of citizens over another.

### ORDER

For the foregoing reasons, the notion to compel is ALLOWED in part. The Town will produce to Crystal any documents prepared by Town Counsel advising Town officials as to the lawfulness of the adoption of the diesel fuel by-law and the related board of

health regulations. Crystal may also depose Town Counsel on this subject. Documents and testimony involving advice given by Town Counsel to town officials regarding the anticipation or conduct of the instant litigation remain a proper subject for the invocation of attorney-client privilege and need not be disclosed.[2]

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE

---

[2] This presumably is the basis on which the Town has invoked the executive privilege of G.L. c. 39, § 23B, in addition to attorney-client privilege.